**COREGIS INSURANCE COMPANY,**
**Plaintiff,**

v.

**BARTOS, BROUGHAL & DEVITO, LLP; John Bartos; Wesley M. Wasylik; Frank Zajacek, Jr.; Phillip S. Schwartz; and David Scheuermann, Defendants.**

**No. Civ.A. 98–476.**

United States District Court,
E.D. Pennsylvania.

Feb. 17, 1999.

Steven J. Polansky, Spector Gadon & Rosen, P.C., Philadelphia, PA, Jeffrey A. Goldwater, Michelle M. Bracke, Bollinger, Ruberry & Garvey, Chicago, IL, for plaintiff.

George A. Heitczman, J.D., O'Hare & Heitczman, Bethlehem, PA, for defendants Bartos, Broughal & DeVito, LLP, John J. Bartos and Wesley M. Wasylik.

Robert J. Lohr, II, Wolpert & Lohr, LLC, West Chester, PA, for defendants

Frank J. Zajacek, Jr., Phillip S. Schwartz and David V. Scheuermann.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is Plaintiff, Coregis Insurance Company's ("Coregis" or "Plaintiff"), Motion for Summary Judgment and Defendants, Bartos, Broughal & DeVito, LLP ("BB & D"); John Bartos ("Bartos"); Wesley M. Wasylik ("Wasylik"); Frank Zajacek, Jr. ("Zajacek"); Phillip S. Schwartz ("Schwartz"); and David Scheuermann's ("Scheuermann") (collectively "Defendants"), Cross Motion for Summary Judgment. Plaintiff brought this declaratory judgment action to determine whether the underlying legal malpractice claim is covered by a professional liability insurance policy issued to BB & D. For the following reasons, Plaintiff's Motion for Summary Judgment is granted and Defendants' Cross Motion for Summary Judgment is denied.

## BACKGROUND

On November 22, 1996, Zajacek, Schwartz and Scheuermann (the "Zajacek Plaintiffs") filed a complaint against Bartos, Wasylik, and BB & D in the Court of Common Pleas in Northampton County, Pennsylvania.[1] The facts in the underlying litigation revolve around John Bartos' improper conduct in promoting, selling, and managing interests in four limited partnerships, Desert Hospitality Limited Partnerships ("DHLP") # s 1–4, that were formed to own Perkins restaurants in the state of Arizona. Bartos acted as an attorney to the Zajacek Plaintiffs prior to formation of the limited partnerships and promoted and sold interests in these limited partnerships to the Zajacek Plaintiffs.

Bartos was a shareholder and officer in Desert Hospitality, Inc. ("DHI, Inc."), in which he owned a 12.5% equity interest and which was a general partner in each of the limited partnerships, DHLPs # s 1–4. Thus, Bartos was a general and limited partner in each of the four limited partnerships and directly and/or indirectly controlled, operated and managed the financial dealings of each of the limited partnerships.

In the underlying litigation, the Zajacek Plaintiffs allege that Bartos engaged in a "Ponzi" Scheme whereby he paid out purported profits from DHLP # 1 by using funds received from new investments and subsequently formed DHLPs # s 2–4. The Zajacek Plaintiffs allege that the limited partnerships were improperly managed and that actual malfeasance was committed by Bartos and a third party Bartos hired to manage the restaurants. The Zajacek Plaintiffs further allege that not only were the investments losing money but that taxes were not being paid and that there were questionable expenses in the financial statements. Bartos allegedly concealed these financial losses, irregularities and malfeasances which placed the limited partnerships into bankruptcy.

The complaint in the underlying action alleges causes of action against Bartos for securities violations (Count IV); common law fraud and misrepresentation (Count V); Breach of Good Faith and Fair Dealing as a partner and corporate insider (Count VI); Consumer Fraud (Count VII); Breach of Partnership Agreements (Count VIII); and Breach of Fiduciary Duty as a corporate insider (Count IX).[2]

Counts I–III of the Zajacek Plaintiffs' underlying complaint allege legal malpractice against Bartos and BB & D. Specifically these counts allege malpractice based on the following conduct: commingling or directing the commingling of funds between the limited partnerships; concealing

---

1. The Zajacek Plaintiffs filed an amended complaint in the underlying action on July 2, 1997 in response to preliminary objections filed by the defendants.

2. These counts do not allege legal malpractice and thus are not within the scope of the policy issued by Coregis. They are only included here by way of background.

or directing the concealment of material information concerning the true financial condition of the investments; failing to advise of the true state of financial affairs of the limited partnerships, and breaching the duties of diligence, communication and loyalty; misrepresenting the source of distributions to the limited partners of the limited partnerships; diverting contributions to locations other than those represented; diverting funds between the limited partnerships in contravention of the partnership agreements; misrepresenting the involvement that a third party (Sam Cippoloni) had in the day to day management of the investments; and acting in an undisclosed conflict of interest situation by simultaneously functioning as an attorney and the promoter, investor, corporate insider and counsel to the investment vehicle. (Zajacek Compl. at ¶¶ 246–247).

Coregis issued a claims-made Lawyers Professional Liability Policy (No. PLL–320329–8) to BB & D effective for the policy period of May 14, 1996 to May 14, 1997 (the "Coregis Policy"). This policy contains two exclusions and an endorsement which Coregis argues precludes coverage of the Zajacek Plaintiffs' claims. Coregis brought this declaratory judgment action to determine whether these exclusions apply and thus whether they have a duty to defend in the underlying suit. The underlying facts, as concerns the application of the exclusions in the Coregis Policy, are not in dispute and both parties move for summary judgment in this declaratory judgment action.

### DISCUSSION

■ When interpreting an insurance policy, "the court must ascertain the intent of the parties as manifested by the language of the policy." *Visiting Nurse Association of Greater Philadelphia v. St. Paul Fire and Marine Insurance Co.,* 65 F.3d 1097, 1100 (3d Cir.1995) (internal citations omitted). In interpreting the policy, clear and unambiguous language must be given its plain and ordinary meaning. *Id.*

If a provision of the policy is ambiguous, it must be construed against the insurer and in favor of the insured. *Id.* "[A] court must read insurance policies to avoid ambiguities and not torture the language to create them." *Id.*

■ Under Pennsylvania law, an insurance company has a duty to defend an insured whenever the complaint filed by the injured party may potentially come within the policy's coverage. *Id.* "If the factual allegations in the complaint state a claim to which the policy potentially applies, the insurer must defend ... until it can confine the claim to a recovery that the policy does not cover." *Id.* Further, "[e]xclusions from coverage contained in an insurance policy will be effective against an insured if they are clearly worded and conspicuously displayed, irrespective of whether the insured read the limitations or understood their import." *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 761 (3d Cir.1985) (internal citations omitted).

The Coregis Policy provides, *inter alia,* the following exclusions:

> This policy does not apply to ...:
>
> E. any CLAIM arising out of any INSURED'S activities as an officer, director, partner, manager or employee of any company, corporation, operation, organization or association other than the NAMED INSURED; ...
>
> G. any CLAIM arising out of or in connection with the conduct of any business enterprise other than the NAMED INSURED (including ownership, maintenance or care of any property in connection therewith) which is owned by any INSURED or in which any INSURED is a partner, or which is directly or indirectly controlled, operated or managed by any INSURED either individually or in a fiduciary capacity.

The policy also contains an additional exclusion, Endorsement K1, which provides that:

> This policy does not apply:

To any CLAIM arising out of professional services rendered or that should have been rendered to or on behalf of any entity which, at that time, was 5% or more owned, controlled, managed, or operated by any INSURED or combination of INSUREDS.

The parties do not dispute that BB & D is the named insured or that Bartos is an insured under the Coregis Policy.

Coregis argues that Bartos' alleged conduct, which forms the basis of the legal malpractice claim, falls within the "business enterprise" exclusions obviating the need for it to defend in the underlying suit. The Defendants argue that these exclusions do not apply because the conduct that forms the basis of their complaint all occurred prior to formation of DHLPs # s 2–4.

Defendants first contend that the language of Exclusion G, which requires that the insured's activities "arise out of" or be "in connection with" the conduct of any business enterprise other than the named insured, only applies to business enterprises that are in existence at the time of the alleged malpractice.[3] Therefore, Defendants argue, since DHLPs # s 2–4 were not in existence when the conduct allegedly occurred, the conduct could not "arise out of" or be "in connection with" these entities.

■ However, we agree with Coregis that the clear and unambiguous language of Exclusion G does not require that the partnerships be in legal existence at the time the alleged malpractice occurred in order for the exclusion to apply. *See generally Dukart v. National Union Fire Ins. Co. of Pittsburgh, PA,* 1993 WL 331175

(Del.Super. July 13, 1993) (finding that language in a similar exclusion "does not require that the act of alleged malpractice or, for that matter, any other event, such as the accrual of the cause of action or the making of a claim, occur during the existence of the legal entity used to carry on the business enterprise"). Further, Exclusion G applies to the Zajacek Plaintiffs' claims because they arise out of or are in connection with a "business enterprise other than the named insured" (DHLPs # s 2–4) in which one of the insureds (Bartos) is a partner and which is "directly or indirectly controlled, operated or managed by" one of the insureds (Bartos) "either individually or in a fiduciary capacity." (Coregis Policy Exclusion G).

Moreover, even if the language of Exclusion G did require the legal existence of the other business enterprise contemporaneous with the alleged conduct, Exclusion G would still apply to Bartos' conduct and thus exclude the Zajacek Plaintiffs' claims. Bartos was an officer, director and shareholder of DHI, Inc. during the entire time frame encompassed in the Zajacek Plaintiffs' complaint. It is undisputed that Bartos, on behalf of DHI, Inc., solicited investors for the series of limited partnerships, DHLPs # s 1–4. Further, DHI, Inc. was the general partner in each of the limited partnerships. Thus, the Zajacek Plaintiffs' claims arise out of or are in connection with DHI, Inc., a business enterprise other than the named insured which is owned by a named insured or in which a named insured is a partner.[4] *See* (Coregis Policy Exclusion G).

Further, Exclusion E and Endorsement K1 would also apply to exclude the Zaja-

---

**3.** Defendants refer to the date that each of the limited partnerships, DHLPs # s 2–4, qualified as Pennsylvania Limited Partnerships as the date of legal existence.

**4.** Further, although the Zajacek Plaintiffs attempt to completely segregate the activities of Bartos in connection with DHLPs # s 2–4 with Bartos' conduct in connection with DHLP # 1, we find that the alleged conduct of Bartos in connection with the limited partner-

ships forms part of a "ongoing scheme of deception and misappropriations" that began prior to formation and continued throughout the existence of the enterprise. *See generally Mt. Airy Ins. Co. v. Greenbaum,* 127 F.3d 15, 21 (1st Cir.1997). Thus, Bartos had the requisite relationship with the business entities at the time his alleged conduct occurred. *See Id.*

cek Plaintiffs' claims. As stated above, the Zajacek Plaintiffs' claims arise out of Bartos' conduct as an officer and director of DHI, Inc. Therefore, the Zajacek Plaintiffs' claims arise out of or are in connection with an insured's activities as an officer or director of a corporation other than the named insured (DHI, Inc.), and Exclusion E applies. Further, the offering memoranda prepared by Bartos to solicit investors in the limited partnerships were "professional services rendered ... to or on behalf of any entity which, at the time, was 5% or more owned ... by any insured." (Coregis Policy Endorsement K1). Bartos maintained a 12.5% equity interest in DHI, Inc., and the offering memoranda to entice investors was arguably prepared for DHI, Inc., one of the general partners in each limited partnership. Thus, the language of Endorsement K1 would also apply.

We find that the clear and unambiguous language of Exclusions E, G and Endorsement K1 apply to the Zajacek Plaintiffs' claims; therefore, Coregis does not have a duty to defend the malpractice claims in the underlying litigation.

## CONCLUSION

An appropriate Order follows.

## ORDER

AND NOW, this 17th day of February, 1999, upon consideration of Plaintiff's Motion for Summary Judgment and Defendants' response thereto as well as Defendants' Cross Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED, in accordance, with the foregoing Memorandum, as follows:

1) Plaintiff's Motion for Summary Judgment is GRANTED; and

2) Defendants' Cross Motion for Summary Judgment is DENIED.